891 F.2d 290
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence B. HILLEN, Plaintifff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-3145.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1989.
 
 Before MERRITT, Chief Judge, WELLFORD, Circuit Judge, and ROBERT E. DeMASCIO, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from an order of the district court affirming the Secretary of Health and Human Services' final decision denying claimant Lawrence Hillen's application for disability and disability insurance benefits. Our review is limited to determining whether the Secretary's denial of benefits is substantially supported by the factual record and is based upon proper application of governing law. Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987) (per curiam). For the reasons set forth below, we affirm.
 
 
 2
 Plaintiff filed his application for disability benefits on December 2, 1985. In his application, plaintiff claimed that brain and nervous system damage, seizures, and high blood pressure had prevented him from working since October 19, 1985. Plaintiff's application was initially denied and again upon reconsideration. At plaintiff's request, a hearing was held on April 1, 1987. Plaintiff appeared in person and waived his right to counsel. The ALJ denied plaintiff's application, finding that plaintiff was not disabled because he retained the ability to perform a significant number of jobs that existed in the national economy. The appeals counsel denied plaintiff's request for review on August 4, 1987.
 
 
 3
 Plaintiff sought review of the Secretary's decision in the district court, and the case was referred to a magistrate. On August 13, 1988, the magistrate issued a report recommending that the case be remanded to the Secretary because it was unclear whether the jobs identified by the vocational expert existed in the local or national economy. The district court, however, found that substantial evidence supported the Secretary's decision and rejected the magistrate's report. The district court entered summary judgment for the Secretary.
 
 
 4
 Plaintiff first asserts that the Secretary failed to establish that a significant number of jobs existed that plaintiff could perform. Plaintiff was 61 years of age at the time of the hearing. Plaintiff had completed the eleventh grade and had worked as an electrician for 43 years. Plaintiff presented a prima facie case of disability by proof that he could not return to his former skilled employment that involved heavy lifting. Once plaintiff established that he was unable to return to his former job, the burden shifted to the Secretary to show that plaintiff was able to engage in other work that exists in "significant numbers" in the national economy. 42 U.S.C. § 423(d)(2)(A). We believe that the Secretary has satisfied this burden. There was medical evidence that plaintiff could perform at least the full range of sedentary work. In addition, the vocational expert testified that plaintiff had acquired a knowledge of circuitry, electricity, and mathematics. The VE also testified that plaintiff had acquired the ability to supervise, read schematics and blueprints, use power and hand tools, work with specifications, and keep records. The ALJ gave the VE an accurate account of plaintiff's age, education, work experience, and medical condition. The VE testified that an individual such as plaintiff could perform more than 6,300 jobs in the local economy. The VE, however, noted that plaintiff would have to make a significant vocational adjustment in order to perform jobs outside the electrical industry. When the ALJ asked how many of the jobs would be lost to the plaintiff because of that vocational adjustment, the VE responded that there would be 1,700 to 2,000 jobs. Plaintiff argues that it is unclear whether the VE meant that the 1,700 to 2,000 represents the actual number of jobs available in the local economy or must be subtracted from the 6,300 jobs. Either interpretation leads us to the conclusion that a significant number of jobs do exist in the local economy.
 
 
 5
 The question of whether a significant number of jobs exists in the light of a vocational expert's testimony "should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation." Hall v. Bowen, 837 F.2d 272, 275 (6th Cir.1988). Here, plaintiff has unique skills, 43 years of experience as an electrician, and is well qualified to do the sedentary jobs described by the VE. The Secretary was justified in concluding that 1,700 to 2,000 jobs represent a significant number of jobs under these circumstances.
 
 
 6
 Plaintiff next asserts that the ALJ failed to establish that his transferable skills were "highly marketable" as required by 20 C.F.R. p 404.1563(d). Section 404.1563(d) provides:
 
 
 7
 Persons of advanced age. We consider that advanced age (55 or over) is the point where age significantly affects a person's ability to do substantial gainful activity. If you are severely impaired and of advanced age and you cannot do medium work (see § 404.1567(c)), you may not be able to work unless you have skills that can be used in (transferred to) less demanding jobs which exist in significant numbers in the national economy. If you are close to retirement age (60-64) and have a severe impairment, we will not consider you able to adjust to sedentary or light work unless you have skills that are highly marketable. (Emphasis supplied.)
 
 
 8
 In the present case, the ALJ's finding that plaintiff's previous employment provided him with transferable and highly marketable job skills is supported by substantial evidence. The VE testified that based on plaintiff's training, experience with technology, and supervisory skills, plaintiff has highly marketable skills.
 
 
 9
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior Judge of the United States District Court for the Eastern District of Michigan, sitting by designation